UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
THOMAS LOMONACO,

                Plaintiff,                    15 Civ.

   -against-                              COMPLAINT

METRO-NORTH COMMUTER RAILROAD,

                Defendant.
-------------------------------------------------------------X

### PLAINTIFF DEMANDS TRIAL BY JURY

Plaintiff, by his attorneys, Flynn & Wietzke, PC, complains of the defendant and alleges:

FIRST :   This action is brought under the Federal Employers' Liability Act, (45 U.S.C. Sec. 51 et seq.).

SECOND :   The defendant is a corporation engaged in interstate commerce by rail and operates a railroad system and railroad yards within the jurisdiction of this Court and in various other States.

THIRD :   That prior to December 1, 2013, and at all times hereinafter mentioned, the defendant employed the plaintiff as an electrician under its direction, supervision and control and in furtherance of defendant's business in interstate commerce.

FOURTH :   That prior to December 1, 2013, and at all times hereinafter mentioned, the defendant maintained, operated and controlled Train No. 8808 which travelled along defendant's tracks, rails, switches, sidings, roadbeds and appurtenances thereto, over, through and upon which the defendant operated engines, trains and cars under its control and direction.

FIFTH :   That as part of plaintiff's employment with defendant, defendant provided plaintiff with an employee ID and monthly train pass at the defendant's expense.

SIXTH :   That when plaintiff was on defendant's property, including to wit Train No. 8808, he was subject to the rules, direction and admonitions of defendant in light of his employment status which members of the general public were not subject to or which did not pertain to.

SEVENTH :   That while on Train No. 8808 on December 1, 2013 the plaintiff was required to assist members of the riding public on behalf of defendant in a manner that non-employees were not.

EIGHTH :   That defendant specifically requested plaintiff to travel on its train equipment to ensure that plaintiff could provide the services required of plaintiff.

NINTH :   That plaintiff's presence on Train No. 8808 on December 1, 2013 specifically benefitted defendant, both generally and more particularly in the instance in question because plaintiff was able to assist other co-worker's and members of the riding public in the aftermath of the incident in question.

TENTH :   That on or about December 1, 2013, while the plaintiff, an employee of the defendant, was in the performance of his duties as an electrician on board Train No. 8808 traveling southbound near Milepost 11.35 on Track 2 along the Metro-North Hudson Line, Bronx, New York, the defendant, its agents, servants and employees, so negligently and carelessly conducted themselves toward the plaintiff in failing to provide plaintiff with a reasonably safe place to work; in operating Train 8808 at an excessive speed; in failing to properly monitor its locomotive engineer; in failing to implement fail safe safety mechanisms to protect plaintiff from human error by the locomotive engineer; in failing to install an alerter mechanism in its equipment to interact with the locomotive engineer; in failing to install track-level speed restrictors with overspeed sensors to modify train speed in the event of overspeed conditions, particularly in light of the curved area of the incident; in failing to properly monitor the movement of Train 8808; and, so negligently failed and neglected to enact and enforce safety rules, regulations, procedures, and practices for activities

carried out by its personnel at the said place, that all of the foregoing brought about severe and disabling injuries to plaintiff, including but not limited to anxiety; PTSD and injuries to his rib.

ELEVENTH : That the said injuries occurred while the plaintiff was acting in the furtherance of interstate commerce or in work closely or substantially affecting the same.

TWELFTH :   That the plaintiff was damaged thereby in the sum of $750,000.00.

WHEREFORE, plaintiff demands judgment against the defendant in the sum of SEVEN HUNDRED FIFTY-THOUSAND DOLLARS together with the costs and disbursements of this action.

Flynn & Wietzke, PC
Attorneys for Plaintiff
1205 Franklin Avenue
Garden City, NY 11530
(516) 877-1234

By:_____
     MARC WIETZKE, MW1551